UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Warren Laifer et al.</u>

    v.    Case No. 17-cv-425-PB

<u>Social Security Administration</u>
<u>Employees, et al.</u>


**REPORT AND RECOMMENDATION**

Following preliminary review, the undersigned recommended that the district judge dismiss all the plaintiffs' claims except those based upon the reduction of their Social Security benefits. <u>See</u> doc. no. 4.[1]  With respect to those claims, the court noted that the plaintiffs had not alleged that they had exhausted their administrative remedies, as required by the Social Security Act (the Act), <u>see</u> <u>Wilson v. Sec'y of Health & Human Servs.</u>, 671 F.2d 673, 677 (1st Cir. 1982), but ordered that they file an amended complaint within 30 days showing that they had received a final decision from the Acting Commissioner of the Social Security Administration and timely filed the present action. <u>See</u> doc. no. 5.  When the plaintiffs did not file an amended complaint within the requisite time, the court

---

[1] The district judge approved this recommendation. <u>See</u> doc. no. 6.

sua sponte extended the deadline to January 17, 2018.

Nearly eight months later, the plaintiffs have not filed an amended complaint and have not sought additional time to do so. The court therefore concludes, for the reasons stated in the prior Report and Recommendation, that the plaintiffs have failed to allege that they exhausted their administrative remedies. As exhaustion is typically a jurisdictional prerequisite under the Act, see Mathews v. Eldridge, 424 U.S. 319, 327 (1976), the court recommends that the district judge dismiss the plaintiffs' remaining claims for failure to exhaust. See doc. no. 4 at 8-9.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

                                        _____
                                        Andrea K. Johnstone
                                        United States Magistrate Judge

September 12, 2018

cc:   Warren Laifer, pro se
       Gail Anne Laifer, pro se